IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FOUR SEASONS PRODUCE, INC.                  :
P.O. Box 788                                :
Ephrata, PA 17522                           :
(717) 721-2800                              :
                                            :
              Plaintiff                     :
                                            :
       v.                                   :        Civil Action No._____
                                            :
CONNECTICUT FRESH, INC.                     :
70 Research Drive                           :
Stamford, CT 06906                          :
(203) 504-8905                              :
                                            :
Registered Agent: Mario P. Musilli, Esq.    :
1100 Summer Street                          :
Stamford, CT 06905                          :
                                            :
       and                                  :
                                            :
KRISTINA M. RUSSBACK, a/k/a                 :
KRISTINA M. BAKES                           :
70 Research Drive                           :
Stamford, CT 06906                          :
(203) 504-8905                              :
                                            :
       and                                  :
                                            :
NICHOLAS BAKES                              :
70 Research Drive                           :
Stamford, CT 06906                          :
(203) 504-8905                              :
                                            :
       and                                  :
                                            :
PAUL RYAN                                   :
70 Research Drive                           :
Stamford, CT 06906                          :
(203) 504-8905                              :
                                            :
              Defendants                    :

## COMPLAINT
### (To Enforce Payment From Produce Trust)

Plaintiff, Four Seasons Produce, Inc. ("Four Seasons") for its complaint against Defendants, alleges:

### JURISDICTION AND VENUE

1.     Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act ("the PACA"), 7 U.S.C. §§499e(b) and 499e(c)(5), and 28 U.S.C. §§1331 and 1332.  Personal jurisdiction exists over each Defendant as they either reside in this district or transact business in this district.

2.     Venue in this District is based on 28 U.S.C. §1391 in that (a) a substantial part of the events or omissions giving rise to the claim occurred in this District and (b) Defendants reside in this District.

### PARTIES

3.     Plaintiff, Four Seasons, a Pennsylvania corporation with its principal place of business in Ephrata, Pennsylvania, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA.  A copy of the PACA license information of Four Seasons is attached hereto as Exhibit 1.

4.     a.     Defendant Connecticut Fresh, Inc. ("Connecticut Fresh") is a Connecticut corporation and was at all times pertinent herein a dealer of wholesale and jobbing quantities of produce subject to and licensed under the provisions of the PACA.  A copy of the PACA license information for Connecticut Fresh is attached hereto as Exhibit 2.

- 2 -

b.      Defendant Kristina M. Russback, a/k/a Kristina M. Bakes, upon information and belief, is and was an owner, officer and/or director of Connecticut Fresh during the period of time in question.   Kristina M. Russback, a/k/a Kristina M. Bakes controlled the day-to-day operations of Connecticut Fresh and is and was in a position of control over the PACA trust assets belonging to Plaintiff at all relevant times hereto.

c.      Defendant Nicholas Bakes, upon information and belief, is and was an owner, officer and/or director of Connecticut Fresh during the period of time in question.   Nicholas Bakes controlled the day-to-day operations of Connecticut Fresh and is and was in a position of control over the PACA trust assets belonging to Plaintiff at all relevant times hereto.

d.      Defendant Paul Ryan, controlled the day-to-day operations of Connecticut Fresh and is and was in a position of control over the PACA trust assets belonging to Plaintiff at all relevant times hereto.   Paul Ryan personally guaranteed any and all amounts due to Plaintiff by Connecticut Fresh.   A copy of the personal guarantee executed by Paul Ryan is attached hereto as Exhibit 3.

## GENERAL ALLEGATIONS

5.      This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. §499e(c) as well as the prompt payment provisions of 7 U.S.C. §499e(b)(4).

6.      Between August 13, 2012 and October 2, 2012, Plaintiff sold and delivered to Connecticut Fresh, in interstate commerce, wholesale quantities of produce items in the amount of $21,585.50, of which $18,118.91 remains unpaid.   A copy of Four Seasons's statement of account is attached as Exhibit 4.

7.      Defendants accepted the goods and produce from Plaintiff.

8.      At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9.      Plaintiff preserved its interest in the PACA trust in the unpaid amount of $18,118.91 by issuing to Connecticut Fresh individual invoices for each transaction.  All of Plaintiff's invoices contain the statutory language required to preserve trust rights under 7 U.S.C. §499e(c)(4).  Plaintiff remains a beneficiary until full payment is made for the produce.  Copies of plaintiff's invoices are attached as Exhibit 5.

10.     Defendants have failed to pay Plaintiff as required under the PACA and have refused to respond to requests for payment.

11.     Defendants' failure, refusal, and inability to pay Plaintiff, including tendering checks on which stop-payments have been issued or that have been returned for insufficient funds demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

Count 1

(Failure to Pay Trust Funds)

12.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

- 4 -

13.    Defendants' failure to make payment to Plaintiff of trust funds in the amount of $18,118.91 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $18,118.91 to Plaintiff.

### Count 2

### (Failure to Pay Promptly)

14.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.    Defendants received each of the shipments of produce described in paragraph 6 above.

16.    The PACA requires Defendants to tender full payment promptly to its unpaid suppliers of produce.

17.    Defendants failed to pay for the produce supplied by Plaintiff with the payment terms.

18.    As a result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $18,118.91, plus interest from the date each invoice became past due, costs and attorney's fees.

WHEREFORE, Plaintiff requests an order enforcing the PACA's prompt payment requirements by requiring immediate payment of $18,118.91, plus interest, costs and attorney's fees.

<u>Count 3</u>

(Failure to Pay For Goods Sold)

19.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20.     Defendants failed and refused to pay Plaintiff an amount of $18,118.91 owed to Plaintiff for goods received by Defendants from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the amount of $18,118.91 against the Defendants, jointly and severally.

<u>Count 4</u>

(Unlawful Dissipation of Trust Assets by
a Corporate Official -- Kristina M. Russback, a/k/a Kristina M. Bakes)

21.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22.      Defendant Kristina M. Russback, a/k/a Kristina M. Bakes is an officer and/or director who operated Connecticut Fresh during the period of time in question and who was in a position of control over the PACA trust assets belonging to Plaintiff.

23.     Defendant Kristina M. Russback, a/k/a Kristina M. Bakes failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

24.     Defendant Kristina M. Russback, a/k/a Kristina M. Bakes's failure to direct the corporation to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

25.   As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Kristina M. Russback, a/k/a Kristina M. Bakes in the amount of $18,118.91.

Count 5

(Unlawful Dissipation of Trust Assets by<br>a Corporate Official – Nicholas Bakes)

26.   Plaintiff incorporates each and every allegation set forth in paragraph 1 to 25 above as if fully set forth herein.

27.   Defendant Nicholas Bakes is an officer and/or director who operated Connecticut Fresh during the period of time in question and who was in a position of control over the PACA trust assets belonging to Plaintiff.

28.   Defendant Nicholas Bakes failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

29.   Defendant Nicholas Bakes's failure to direct the corporation to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

30.   As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Nicholas Bakes in the amount of $18,118.91.

<u>Count 6</u>

(Unlawful Dissipation of Trust Assets by
Paul Ryan)

31.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 30 above as if fully set forth herein.

32.     Defendant Paul Ryan is an individual who operated Connecticut Fresh during the period of time in question and who was in a position of control over the PACA trust assets belonging to Plaintiff.

33.     Defendant Paul Ryan failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

34.     Defendant Paul Ryan's failure to direct the corporation to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

35.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Paul Ryan in the amount of $18,118.91.

<u>Count 7</u>

(Breach of Contract – Personal Guaranty – Paul Ryan)

36.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

- 8 -

37.    Paul Ryan personally guaranteed all obligations incurred by Connecticut Fresh to Plaintiff, including all obligations arising from Plaintiff's unpaid produce sales at issue.  See Exhibit 3.

38.    Paul Ryan's continuing failure and refusal to pay Plaintiff any portion of the $18,118.91 due and owing to Plaintiff for the produce accepted by Connecticut Fresh constitutes a material breach of the guaranty.

39.    As a direct and proximate result of Paul Ryan's continuing material breach of the guaranty, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Paul Ryan for damages in the principal amount of $18,118.91, plus interest, costs, and attorneys' fees, and any other relief deemed just and proper.

### Count 8

(Interest and Attorneys' Fees)

40.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 39 above as if fully set forth herein.

41.    The PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest and attorney's fees incurred to collect any balance due from Defendants.

42.    As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, Plaintiff has lost the use of said money.

43.    As a result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorney's fees and costs

in order to bring this action to require Defendants to comply with their statutory duties under the

PACA and the invoices.

WHEREFORE, Plaintiff requests judgment against the Defendants, jointly and severally,

for prejudgment interest, costs, and attorneys' fees.

Dated this 16th  day of October, 2012.

BERDON, YOUNG & MARGOLIS, PC

By:/s/ Stuart A. Margolis
    Stuart A. Margolis, Esq. (CT-08803)
    132 Temple St.
    New Haven, CT 06510
    Tel: 203-772-3740
    Fax: 203-492-4444
    stuart.margolis@bymlaw.com

    McCARRON & DIESS
    Louis W. Diess, III (ID # 10812)
    Blake A. Surbey (ID # 29870)
    4530 Wisconsin Ave., NW, Suite 301
    Washington, D.C. 20016
    (202) 364-0400
    (202) 364-2731 fax
    ldiess@mccarronlaw.com
    bsurbey@mccarronlaw.com

    Counsel for Plaintiff